IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA L. TISDALE | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:11CV166-HSO-JMR |
| | § | |
| NEW PALACE CASINO, d/b/a/ | § | DEFENDANT |
| PALACE CASINO RESORT | § | |

MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is the Motion [3-1] of Defendant New Palace Casino, d/b/a/ Palace Casino Resort ["Palace"], for Partial Judgment on the Pleadings, filed on April 15, 2011, in the above captioned cause. Plaintiff filed a Response [8-1] on May 6, 2011. To date, no Reply has been filed. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Palace's Motion should be granted.

I. FACTUAL AND PROCEDURAL HISTORY

A.   Facts

Plaintiff Virginia Tisdale, a resident of Biloxi, Mississippi, began working for the Palace in the Human Resources Department in January 2006. Compl. [1-1] at p. 3. In June 2008, Plaintiff was diagnosed with ADHD and prescribed Adderall. Plaintiff advised her supervisor of her diagnosis and her prescription. On October 11, 2009, Plaintiff was selected for a random drug test. According to Plaintiff, she advised the proctor of her prescription medication and was told that there would not

be a problem.  Plaintiff later received a telephone call informing her she had failed the drug test.  Plaintiff was terminated from her employment on October 19, 2009.

B.      Procedural History

Plaintiff filed her Complaint on April 12, 2011, seeking reinstatement, damages, and injunctive and declaratory relief for negligent and intentional infliction of emotional distress and for redress of rights secured by the American with Disabilities Act ["ADA"], 42 U.S.C. §12101, *et seq*.  Compl. [1-1] at pp. 4-6.  The Palace filed the present Motion on April 15, 2011, and answered on April 29, 2011 [6-1].

In its Motion, the Palace seeks dismissal of Plaintiff's claims for negligent and intentional infliction of emotional distress.  It argues that partial judgment in its favor on these claims is warranted since Plaintiff's intentional infliction of emotional distress claim is time-barred under the one year statute of limitations provision set forth in MISS. CODE ANN. § 15-1-35.   It further contends that Plaintiffs' negligent infliction of emotional distress claim should be dismissed on the grounds that such claims are barred by the exclusivity provisions of the Mississippi Workers' Compensation Act ["MWCA"], MISS. CODE ANN. § 71-3-1, *et seq*.  Def.'s Mem. in Support of Mot. for Judg. on the Pleadings at p. 2.

## II.  DISCUSSION

A.      Applicable Legal Standard

Any party may move for judgment on the pleadings after the pleadings are closed.  FED. R. CIV. P. 12(c).  A motion for judgment on the pleadings is subject to

the same standard as a motion to dismiss under FED. R. CIV. P. 12(b)(6).  *Doe v. MySpace Inc.*, 528 F. 3d 413, 418 (5th Cir. 2008); *In Re Katrina Canal Breaches Litigation*, 495 F. 3d 191, 205 (5th Cir. 2007).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)(quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).  "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)).  Generally the Court will not look beyond the face of the pleadings to determine whether dismissal is warranted under Rule 12.  *See Resolution Trust Corp. v. Scott*, 887 F. Supp. 937, 940 (S.D. Miss. 1995).

B.  <u>Plaintiff's Intentional Infliction of Emotional Distress Claim and the Statute of Limitations</u>

Plaintiff was discharged on October 19, 2009.  She filed her Complaint on April 12, 2011, some seventeen months later.   The Palace contends that Plaintiff's claim for intentional infliction of emotional distress is time-barred under  MISS. CODE ANN. § 15-1-35, which is not tolled by the pendency of a complaint filed with the EEOC.  Def.'s Mem. in Support of Mot. for Judg. on the Pleadings at p. 2. Plaintiff argues that dismissal is not appropriate because a valid and continuing violation has been sufficiently pled and the acts described are directly connected to an ongoing pattern of tortious conduct.  Pl.'s Resp. at p. 2.

Under Mississippi law, the limitations period for asserting an intentional infliction of emotional distress claim is one year.

> intentional infliction of emotional distress is a tort against the person, as are the vast majority of those specifically enumerated in Section 15-1-35 of the Mississippi Code. Miss. Code Ann. § 15-1-35 (Rev.2003). . . . Based on the prior analysis, we hold that the tort of intentional infliction of emotional distress is *of like kind or classification* as the torts enumerated in Section 15-1-35, as required by *Southwest Drug Company,* and it too carries a one-year statute of limitations.

*Jones v. Fluor Daniel Services Corp.*, 32 So. 3d 417, 423 (Miss. 2010); *see also Cockrell v. Weyerhaeuser*, 2010 WL 3724300, *1 (S.D. Miss. 2010)(summary judgment was granted on Plaintiff's intentional infliction claim absent "a specific date as to when the infliction of emotional distress occurred); *Southern v. Ethridge*, 2010 WL 1780193, *5 (N.D. Miss. 2010)(dismissing complaint as time-barred under § 15-1-35); *McCool v. Coahoma Opportunities, Inc.*, 45 So. 3d 711, 715 (Miss. Ct. App. 2010)(intentional infliction claim procedurally barred when filed two years after termination of plaintiff's employment).

In this case, Plaintiff's claims for intentional infliction of emotional distress accrued in October 2009 and are "so closely analogous to the common law actions for assault, libel, and slanderous words that they too must fall within the statute's bar." *King v. Otasco, Inc.*, 861 F.2d 438, 442 (5th Cir. 1988).

Plaintiff maintains that she has pled sufficient facts to support of theory of a continuing tort of intentional infliction of emotional distress. Plaintiff relies on *Adams v. David's Bridal, Inc.*, 2007 WL 805663, *3 (S.D. Miss. 2007), which expounded on the continuing tort doctrine:

> [a] 'continuing tort' for the purpose of this doctrine is one that is 'inflicted over a period of time' and 'involves wrongful conduct that is repeated until desisted.' . . . As explained by the Mississippi Supreme Court: '. . . a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. Where the tortious act has been completed, or the

> tortious acts have ceased, the period of limitations will not be extended
> on the ground of a continuing wrong.'

*Adams v. David's Bridal, Inc.*, 2007 WL 805663, *3 (S.D. Miss. 2007)(quoting *Smith v. Franklin Custodian Funds, Inc.,* 726 So. 2d 144, 148 (Miss. 1998)).

The pleadings before the Court do not contain facts sufficient to support the application of the continuing tort doctrine. At most, they support the notion that ill effects may continue to flow from a previous wrong, but this is insufficient to support application of the continuing tort doctrine. Based on the foregoing authorities, the Court concludes from the face of the pleadings that Plaintiff's claim for intentional infliction of emotional distress is time-barred and cannot be sustained. The Palace's Motion should be granted as to this claim.

C.   Plaintiff's Negligent Infliction of Emotional Distress Claim and Exclusivity of the MWCA

Defendant Palace argues that Plaintiff's claim for negligent infliction of emotional distress is barred by the exclusivity provision of the MWCA. Def.'s Mem. in Support of Mot. for Judg. on the Pleadings at p. 2. Plaintiff once more responds that she has sufficiently pled enough facts to move her beyond Defendant's Motion for Partial Judgment on the Pleadings. Pl.'s Resp. at p. 2. "Plaintiff has pled that Defendant's willful, wanton, and reckless disregard for Plaintiff's rights and interests inflicted emotional distress on the Plaintiff." *Id.* at p. 1.

As a matter of Mississippi law, Plaintiff's negligence claims are barred by the exclusivity provision of the Workers' Compensation Act. *Anderson v. Miss. Baptist Med. Ctr.*, 2011 WL 3652210, *3 (S.D. Miss. 2011); *Mengucci v. Brown Bottling Grp.*,

2010 WL 996741, *1 (S.D. Miss. 2010); *McNeill v. City of Canton, Miss.*, 2008 WL 249437, *15 (S.D. Miss. 2008); *Howard v. Hancock Med. Ctr.*, 2006 WL 3487109, *7 (S.D. Miss. 2006); *Winters v. Cooper Lighting, Inc.,* 2001 WL 1334197, *1 (S.D. Miss. 2001)(citing MISS. CODE ANN. § 71-3-9).  To the extent Plaintiff advances this claim as an independent tort, the foregoing cases indicate that it is foreclosed as a matter of law by the MWCA.  The Court concludes that the Palace's Motion should be granted as to Plaintiff's negligent infliction of emotional distress claim.

III.  <u>CONCLUSION</u>

Based upon the foregoing, Defendant Palace is entitled to dismissal of Plaintiff's negligent and intentional infliction of emotional distress claims, to the extent she advances these claims as independent tort theories of liability.  The Motion for Partial Judgment on the Pleadings should be granted, and Count One of Plaintiff's Complaint should be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Defendant Palace's Motion [3-1] for Partial Judgment on the Pleadings, filed in the above captioned cause on or about April 15, 2011, is **GRANTED**. Count One of Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 17th day of November, 2011.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE